IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-39-BO

| | |
|---|---|
| WESTERN SURETY COMPANY,<br>      Plaintiff,<br><br>v.<br><br>BOTHERN CONTRACTING, LLC,<br>DOUGLAS J. BOTHERN and SUSAN B.<br>BOTHERN,<br><br>      Defendants. | **ORDER** |

This matter is before the Court on plaintiff's motion for summary judgment. A hearing was held before the undersigned on November 13, 2015, in Raleigh, North Carolina, and the matter is ripe for ruling. For the following reasons, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Defendant Bothern Contracting (Bothern) approached Western Surety in 2013 seeking contract surety bonds for its construction projects. In consideration for issuing surety bonds on Bothern's behalf, defendants executed a generalized indemnity agreement (the Agreement) in favor of Western Surety. Defendant Douglas Bothern signed the Agreement on behalf of Bothern as member manager, and both he and Susan Bothern signed the Agreement in their individual capacities. Western Surety then issued payment and performance bonds on two projects: the City of Wilson-Tilghman Road Concrete Sidewalk Construction Project (the City of Wilson Project) and the North Carolina Department of Transportation Construction Project (the NC DOT Project). Plaintiff issued payment and performance bonds number 58708667 on behalf of

Bothern on the City of Wilson Project, and payment and performance bonds number 58708662 on behalf of Bothern on the NC DOT Project.

Plaintiff subsequently received claims from Bothern's subcontractors and suppliers and was sued by two subcontractors on the City of Wilson and NC DOT Projects. In connection with these claims and lawsuits, plaintiff notified receipt of the claims to Bothern and asked defendants to advise if there was an objection to paying the claims before issuing payment. Defendants did not object, thus plaintiff paid the claims of the subcontractors and supplies. Western Surety also received a performance bond claim from the North Carolina Department of Transportation on the NC DOT project, which it paid. Plaintiff alleges that it paid $308,562.99 on behalf of Bothern Contracting to suppliers, subcontractors, and owners on the City of Wilson and NC DOT Projects and incurred $37,201.33 in expenses as a result of issuing said bonds. Plaintiffs argue that the Agreement provides for their recovery of costs and expenses as a matter of law. Defendants did not respond to plaintiff's motion for summary judgment. At the hearing, defendants admitted that they filed no response because their admissions in discovery and depositions foreclosed them from opposing plaintiff's motion in good faith.

Following the hearing, notice was given to the Court that defendant Susan Bothern has a pending Chapter 13 bankruptcy case in United States Bankruptcy Court. [DE 23, 24].

## DISCUSSION

Plaintiff argues that it is entitled to summary judgment as a matter of law based on the Agreement. [DE 20–4 at 6–11]. Defendants admit they signed the Agreement, that the Agreement speaks for itself, and that the written document is the best evidence of the parties' agreement. In pertinent part, the Agreement states that the indemnitors agree to "indemnify and save the Surety harmless from and against any Loss which the Surety may pay or incur." [*Id.* at

2

7] The agreement defines "Loss" as, inter alia, "(a) any and every claim, demand, liability, cost, charge, suit, judgment, fee, interest on any amounts due the Surety, and expense, including but not limited to attorney fees and consultant fees incurred by the Surety as a result of issuing or considering the issuance of a Bond." [*Id.* at 6].

"When the language of a contract is clear and unambiguous, construction of the contract is a matter of law for the court." *Hagler v. Hagler*, 319 N.C. 287, 294 (1987). *See also Schenkel & Schultz, Inc. v. Hermon F. Fox & Assocs. P.C.*, 362 N.C. 269, 273 (2008); *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 245 (4th Cir. 1992). In particular, where indemnity agreement is clear and unambiguous, the Court must interpret the contract as written. *Kirkpatrick & Assocs., Inc. v. Wickes Corp.*, 53 N.C. App. 306, 308 (1981); *E-B Trucking Co., Inc. v. Everette Truck Line, Inc.*, 87 N.C. App. 497, 499 (1987). The language in the Agreement is clear. Defendants agreed to indemnify plaintiff from any and all liability, costs, and attorneys' fees it incurred as a result of issuing the bonds. Indeed, defendants admitted at the hearing that they could not oppose plaintiff's motion for summary judgment in good faith based on their admissions in discovery and depositions.

Accordingly, plaintiff's motion is granted. Plaintiff is entitled to recover $308,562.99 from defendants in losses it incurred as a result of claims paid to Bothern Contracting's subcontractors, suppliers, and owners on the City of Wilson and NC DOT projects. [DE 20–4]. Additionally, plaintiff is entitled to recover $37,201.33 in expenses incurred in performing its obligations under the City of Wilson and NC DOT bonds and in prosecuting this lawsuit, including attorneys' fees. [DE 23].

While the Court has received minimal information regarding Susan Bothern's pending bankruptcy petition, a bankruptcy petition typically results in an automatic stay of any pending

3

judicial proceedings. 11 U.S.C. § 362(a)(1). In an abundance of caution, the Court will assume that this case is stayed as to Susan Bothern. Accordingly, plaintiff's motion for summary judgment is denied without prejudice as to defendant Susan Bothern and granted as to defendants Bothern Contracting, LLC and Douglas Bothern. The Court is aware of no just reason for delaying entry of judgment as to Bothern Contracting, LLC and Douglas Bothern, thus judgment will be entered against these defendants in accordance with Rule 54(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment [DE 19] is GRANTED IN PART and DENIED IN PART. Because the Court has determined that there is no just reason for delay, the Clerk is DIRECTED to enter judgment against Bothern Contracting, LLC and Douglas Bothern in the amount of $345,764.32, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The case is stayed as to defendant Susan Bothern, who is DIRECTED to file status reports with the Court every 60 days until the bankruptcy case is resolved or the instant case against her is dismissed.

SO ORDERED, this _2_ day of December, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE